**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**RUSSELL B. ALLEN,**                                             **PETITIONER**

**V.**                                                              **NO. 3:04CR017-GHD**

**UNITED STATES OF AMERICA,**                                     **RESPONDENT**

### MEMORANDUM OPINION

This matter comes before the court on Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255. The Government has responded, Petitioner has replied and this matter is now ripe for review. For the following reasons, the court finds that the motion shall be denied in all respects.

#### A. Factual and Procedural Background

Russell Allen was convicted of possession with intent to distribute cocaine, possession with intent to distribute marijuana, and possession of a firearm during a drug trafficking crime in the Western District of Kentucky. He was sentenced to a 100 months imprisonment to be followed by six years of supervised release. Allen began his supervised release on December 28, 2000.

On February 12, 2004, the Western District of Kentucky issued a warrant for violation of supervised release. He was arrested in Kentucky by state law enforcement officers for various state law offenses on February 26, 2004. He was sentenced to five years imprisonment in the state of Kentucky to run consecutively with the federal sentenced that had not yet been imposed. On June 22, 2004, jurisdiction was transferred to the Northern District of Mississippi. A revocation hearing was held on July 19, 2007. Allen was sentenced to 24 months of incarceration for the revocation.

Allen timely appealed the sentence arguing that the district court lacked jurisdiction to revoke his supervised release because the term had expired when he was sentenced on July 19, 2007. Allen

also argued that he should have received credit towards the federal sentence from the time he spent in Kentucky prior to his revocation in this court. Each of these arguments were considered and rejected by the Fifth Circuit Court of Appeals on April 10, 2008. Allen filed this 2255 motion on April 24, 2008. Allen asserts a violation of due process based on the delay between his arrest on February 26, 2004 and the revocation hearing on July 19, 2007–more than three years later.

### B. Standard for Review

After a defendant has been convicted and exhausted or waived any right to appeal, "a court is entitled to presume that [he] stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Accordingly, relief under 28 U.S.C. § 2255 is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). Once a sentence of imprisonment has been imposed, the court's authority to reduce or modify the sentence is limited. *United States v. Lopez*, 26 F.3d 512, 515 (5th Cir. 1994). A criminal defendant seeking relief from his conviction or sentence in a motion to vacate pursuant to § 2255 must therefore establish one of the following: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence imposed exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995).

When a defendant raises an issue for the first time during collateral review, he must ordinarily show both cause for his procedural default and actual prejudice resulting from the alleged error. *Gaudet*, 81 F.3d at 589. The "cause and actual prejudice" standard is "significantly more

rigorous than even the plain error standard applied on direct appeal." *Id.* The procedural bar does not apply, however, to a claim which could not have been raised on direct appeal, such as those alleging ineffective assistance of counsel. *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992). The only exception to the cause and prejudice test is the "extraordinary case . . . in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* at 1301. Conversely, issues raised and disposed of in an appeal from an original judgment of conviction are not to be considered in collateral § 2255 motions. *United States v. Webster*, 392 F.3d 787, 791 (5th Cir. 2004).

### C. Discussion

### Barred from Consideration

Allen alleges that the delay between the conduct which formed the basis of the revocation petition and the actually revocation constitutes a violation of due process. Allen unsuccessfully appealed the sentence imposed for revocation setting forth similar arguments. *See United States v. Allen*, No. 3:04CR17-1, 2008 WL 1696718 (5th Cir. Apr. 10, 2008). The appellate court held, "Allen has not shown that the district court was without jurisdiction to proceed on July 19, 2007, on a revocation warrant issued in 2004." *Id.* at *1. The claim he now asserts has been considered and rejected in a direct appeal, thus, the matter cannot be revisited collaterally in a 2255 proceeding. *Webster*, 392 F.3d at 791. Therefore, the court is barred from reviewing Allen's petition.

### Procedural Default

To the extent the claim is not barred from relitigation, Allen must demonstrate the requisite cause and prejudice resulting from his failure to raise the issue on direct appeal. In this regard, Allen contends that he could not have raised this issue on appeal because he did not have documentation

3

to corroborate the delay.

In order to demonstrate "cause" under the procedural default doctrine, a petitioner must show that some objective factor external to his defense prevented him from raising on direct appeal the claim he now advances. *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996). Objective factors might include interference by officials that makes compliance with procedural rules impracticable, showing that factual or legal basis for the claim was not reasonably available to him at a prior occasion, and ineffective assistance of counsel. *Id.* at 993. The prejudice prong requires a petitioner to show that but for the error, he might have received a less severe sentence. *Id.* at 994.

The court finds that Allen has failed to demonstrate cause or prejudice. Nor does this case present any extraordinary circumstances such as the conviction of one who is probably innocent. In fact, Allen candidly admits to the conduct with which he was charged. Accordingly, Allen's claim is additionally barred from consideration by his failure to raise the issue on appeal.

## Merits

Here, Allen does not dispute the validity of the underlying charges which formed the basis of the revocation. Rather, he contends the more than three year delay between the motion to revoke and the actual revocation violated his right to due process. Allen contends that the delay was unreasonable and unnecessary.

A judge has authority to revoke movant's supervised release pursuant to 18 U.S.C. § 3583(e)(3); *United States v. Jeremiah*, 493 F.3d 1042, 1045 (9th Cir. 2007) (citing *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975) (an illegal arrest or detention does not void a subsequent conviction.)). Revocation is statutorily required when a defendant possesses a controlled substance or a firearm or

refuses to comply with drug testing. 18 U.S.C. § 3583(g). Under 18 U.S.C. § 3583(i) the court has authority to revoke a term of supervised release after the expiration of that term if, before its expiration, a warrant or summons had been issued alleging a supervised release violation. Rule 32.1(b)(2) of the Federal Rules of Criminal Procedure requires that a revocation hearing be held "within a reasonable time." Revocation proceedings, however, are not subject to the Sixth Amendment right to a speedy trial. *United States v. Fisher*, 895 F.2d 208, 212 (5th Cir. 1990) (delay of more than three years before executing warrant did not violate due process). Nonetheless, a delay in the execution of a revocation warrant may violate due process if the delay actually impairs his ability to contest the fact of violation or to present mitigating evidence. *United States v. Williams*, 558 F.2d 224, 227 (5th Cir. 1977).

There is no denying that Allen committed additional offenses while on supervised release and that the motion for revocation was filed before the supervised release term expired– a fact established by the Fifth Circuit's affirmance of the revocation– thereby comporting with § 3583(i). Allen was brought to this court to answer the revocation petition as soon as the state charges were resolved. In any event, Allen has made no allegation that the three-year delay impaired his ability to contest the charges or present mitigating evidence. To the contrary, Allen's sworn statements and submissions to this court substantiate that he is in fact guilty of the underlying state charges. *United States v. Jimenez-Martinez*, 179 F.3d 980, 982 (5th Cir. 1999) (revocation hearing held six years after the issuance of the warrant because defendant absconded did not violate defendant's right to due process). Accordingly, the court finds that the revocation of supervised release was proper. Allen's claim does not provide an adequate basis for federal habeas relief.

### D.  Conclusion

For all the foregoing reasons, Allen's motion to vacate will be denied.

A final judgment shall issue in accordance with this opinion.

This the ___1st___ day of December, 2008.

SENIOR JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI